ISHEE, J.,
concurring in part and dissenting in part:
¶ 24. While I concur with the majority’s decision to reverse, I must respectfully dissent as to the majority’s decision to remand. The majority correctly notes that the failure of an appellee to file a brief on appeal is equivalent to the appellee admitting to the appellant’s assigned errors. Chatman v. State, 761 So.2d 851, 854 (¶ 9) (Miss.2000). Likewise, the majority found, and I agree, that Clack was unfairly prejudiced by the prosecution’s failure to furnish potentially exculpatory evidence in the form of video footage from the stop. The prosecution’s failure to produce the video, and Officer Soto’s perjury in the furtherance of concealing the video, severely prejudiced Clack. Such a video could have rendered the stop, and all evidence produced from the stop, improper and inadmissible. Having found this as a sufficient ground to reverse the case, the majority then asserts that a new trial is warranted.
¶ 25. It is here that I diverge from the majority’s opinion. As noted above, since the City failed to respond to Clack’s brief, we are required to view Clack’s remaining assignments of error as admitted by the City. I do not take lightly the City’s repeated failure to file an appellee’s brief, as seen in at least four recent cases. Hence, I assert that in addition to considering the great prejudice placed on Clack by the prosecution’s deliberate concealment of potentially exculpatory evidence and Officer Soto’s perjury, we must also take into account the City’s concessions that Clack’s Sixth Amendment right to confront his accusers was violated and that Officer Soto did not have reasonable suspicion or probable cause to stop Clack. As such, when viewing the totality of the circumstances, I would reverse and render this case instead of remanding it for a new trial.